**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **American Civil Liberties Union** | ) | **CASE NO. 1:08 CV 2372** |
| **of Ohio Foundation, Inc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Hon. James DeWeese,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion for Stay of Judgment Pending Appeal (Doc. 22). This is an Establishment Clause dispute. For the reasons that follow, defendant's motion is DENIED.

**FACTS**

Plaintiff, the American Civil Liberties Union of Ohio Foundation, Inc., brings this action against defendant, the Honorable James DeWeese, alleging that defendant's display of a certain poster in his courtroom in Richland County, Ohio violates the Establishment Clause and the Ohio Constitution. The facts in this action are fully set forth in the Court's October 6, 2009

1

Memorandum of Opinion and Order granting plaintiff's Motion for Summary Judgment and enjoining defendant from displaying the poster. Defendant has appealed the Court's judgment to the Sixth Circuit Court of Appeals, and now moves the Court to stay its judgment pending appeal.

## **DISCUSSION**

A court evaluates four factors in determining whether to grant a motion to stay: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir.1991). These factors are not prerequisites but considerations to be balanced together. *Id.* A movant is always required to demonstrate more than a "mere possibility" of success on the merits, but need not always establish a high probability of success. *Id.* The movant must, however, demonstrate a probability of success that is inversely proportional to the amount of irreparable injury it will suffer absent the stay. *Id.*

### **1. Likelihood of Success on the Merits on Appeal**

Defendant argues that the Court should stay its judgment because the Supreme Court is currently considering a case, *Salazar v. Buono,* No. 08-472, where the plaintiff's standing to sue for an Establishment Clause violation is at issue. That, he argues, is reason enough to stay the judgment. Further, he argues that the Court's decision in this case is inconsistent with current Supreme Court and Sixth Circuit Establishment Clause jurisprudence in light of *Van Orden v. Perry,* 545 U.S. 677 (2005) and *ACLU of Ky. v. Mercer County,* 446 F.3d 651 (6th Cir. 2006).

Plaintiff responds that there are three possible outcomes in *Salazar* that would not affect defendant's challenge to standing.  Plaintiff also points out that the plaintiff in *Salazar* is an individual, not a membership organization.  Plaintiff argues that defendant has not shown a likelihood of success on the merits as to either standing or the Establishment Clause violation.

Upon review, the Court finds that what defendant has shown does not rise above a mere possibility of success.  Defendant has not shown a probability that the outcome in *Salazar* will affect plaintiff's standing to bring this action.  Contrary to defendant's insistence, the Court's decision in this case is consistent with current Supreme Court and Sixth Circuit jurisprudence, as the Court thoroughly detailed in its Memorandum of Opinion and Order on plaintiff's Motion for Summary Judgment.  The Court declines to repeat its analysis here.

**2.     Irreparable Harm to Movant**

Defendant argues that if he is successful on the merits of his claim that he has a free speech right to display the poster, the injury that he would suffer if the stay is not granted is irreparable.  Plaintiff responds that defendant has not shown any right of free speech that is being violated.

Upon review, the Court finds the likelihood of irreparable harm in the absence of a stay to be extremely low.  Defendant's free speech argument has already been rejected once by the Sixth Circuit and defendant has provided the Court with nothing to suggest that the Sixth Circuit's decision in this case will be contrary.

**3.     Harm to Others**

Defendant argues that no realistic possibility of harm to others exists in this matter because the poster was on display for two years before plaintiff challenged it.  Plaintiff responds

that continued display of the poster constitutes a continuing harm to the constitutional rights of the public who visit the courtroom.  Upon review, the Court agrees with plaintiff.  Many people have no choice but to be in defendant's courtroom, and to have a message that violates the Establishment Clause thrust upon them would be harmful.

### 4. The Public Interest

Defendant argues that this is a "borderline" case and "little more than an academic dispute," thus there is no reason to disturb the status quo pending appeal.  Plaintiff responds that it is in the public interest to restore the "courthouse to a place of religious neutrality."  Upon review, the Court finds that it is in the public interest to deny a stay of judgment.  Defendant's characterization of this dispute as little more than academic is inaccurate.  Moreover, it is not a borderline case.  Defendant's poster constitutes government expression of a preference for one religion over others, and defendant's purpose in displaying the poster is a religious purpose.  The public interest will be best served by defendant not displaying the poster pending the outcome of the appeal.

Upon balancing the four factors discussed above, the Court finds that defendant has not demonstrated that he is entitled to a stay of judgment pending the outcome of the appeal.  Accordingly, defendant's motion to stay is denied.

**CONCLUSION**

For the foregoing reasons, defendant's Motion for Stay of Judgment Pending Appeal is DENIED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/4/09